UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA SIEROTOWICZ,

                Plaintiff,

    -against-

JUDGE CUTRONA, Supreme Court of the State of
New York, County of Kings, JUDGE ROTHENBERG,
Supreme Court of the State of New York, County of
Kings, JUDGE SOLOMON, Supreme Court of the State
of New York, County of Kings, NYC DEPARTMENT
OF SOCIAL SERVICES—ADULT PROTECTIVE
SERVICES, 189 ROSS ASSOC., LLC, KAY MANG.,
SAM KESTENBOUM, AHMET HOTI,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-3100 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Maria Sierotowicz brought this pro se action against Defendants Judges Cutrona, Rothenberg, and Solomon of the Supreme Court of the State of New York, Kings County (collectively, the "State Judges"); the Adult Protective Services division of the New York City Department of Social Services (the "APS"); and 189 Ross Associates, LLC, Kay Management, Sam Kestenbaum, and Ahmet Hoti (collectively, the "Landlord Defendants"). (Compl. (Docket Entry #1).) She requests leave to proceed in forma pauperis. (Docket Entry # 2.) She has also submitted a motion for a temporary restraining order ("TRO") preventing the APS from "ass[a]ulting" her. (TRO Mot. (Docket Entry # 4).) Plaintiff's request to proceed in forma pauperis is GRANTED. For the reasons that follow, however, her Complaint is DISMISSED WITHOUT PREJUDICE and her motion for TRO is DENIED as moot.

## I. BACKGROUND

According to her Complaint, Plaintiff was subjected to "long-lasting, [ ] never-ending housing discrimination[] and housing harassment" by her landlord, which she identifies as "189 Ross Assoc[iates], LLC." (Compl. at 3-4.) She complained of this alleged discrimination and harassment to the New York State Division of Human Rights (the "Division"), which rendered an unfavorable determination. (See id. at 4.) Plaintiff brought two lawsuits in New York State Supreme Court, Kings County, challenging the Division's unfavorable determination; these cases were dismissed by Judges Rothenberg and Solomon. (Id.)

Plaintiff alleges that the dismissals of her two actions resulted in a guardianship proceeding brought by the APS. (Id.) She attaches to her Complaint an order by Judge Cutrona stating that Plaintiff "is a person believed to be in need of protective services" and granting access to employees of the New York City Department of Social Services to enter Plaintiff's apartment and conduct a mental evaluation. (Id., Ex. A.) Caseworkers from the APS apparently entered her apartment on several occasions. (See id.) Plaintiff alleges that "twice a month" since February 2012, employees of the APS "ass[a]ulted" her with the assistance of police officers, that she was "coerced to undergo [a] psychiatric examination," and that the APS employees threatened to confine her to a mental facility. (Id. at 5-6.) She claims that she "was not and still is not mentally disabled." (Id. at 6 (emphasis omitted).)

Plaintiff filed her Complaint on June 18, 2012, alleging that the State Judges, the APS, and the Landlord Defendants conspired to commit numerous constitutional and statutory violations related to the harassment and discrimination to which she was purportedly subjected by her landlord, the dismissal of her challenges to the Division's unfavorable decision, and her guardianship proceedings. (Id. at 2-11.) She demands damages and declaratory relief. (Id. at 12.) On August 6, 2012, Plaintiff submitted a motion for a TRO "to remove [the APS] from

ass[a]ulting her[] and demanding appointment(s) without [ ] good and legal reason(s)," effective until the completion of the trial on her case. (TRO Mot. at 1.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

In reviewing a complaint submitted pro se, the court reads the plaintiff's submissions liberally and interprets them as raising the strongest arguments they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This is because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

3

will not do.'" Id. (quoting Twombly, 550 U.S. at 555). At this stage, the court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010).

## III. DISCUSSION

### A. Claims Against the State Judges

Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); see also Mireles v. Waco, 502 U.S. 9, 11 (1991). This "immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13. The alleged actions taken by the State Judges were clearly performed in their judicial capacity—Plaintiff does not suggest otherwise. Thus, Plaintiff's claims against the State Judges are foreclosed by absolute immunity.

### B. Claims Against the APS

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. That provision has been construed to mean that New York City departments and agencies, as distinct from the City itself, lack the capacity to be sued. See Nnebe v. Daus, 644 F.3d 147, 158 n.6 (2d Cir. 2011); Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008); Jenkins v. City of N.Y., 478 F.3d 76, 93 n.19 (2d Cir. 2007); Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997). Accordingly, the Complaint is dismissed as to the APS "without

prejudice to the ability of the plaintiff to sue a proper defendant if [s]he can make the necessary allegations to show [ ] liability." Adams, 966 F. Supp. at 212.

### C. Claims Against the Landlord Defendants

Plaintiff's claims against the Landlord Defendants essentially request a review of the rulings in the two housing court cases that terminated in favor of those Defendants. These claims must be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1982). "The Rooker-Feldman doctrine [ ] recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002). Thus, federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005). Plaintiff's allegations against the Landlord Defendants largely reiterate the claims she made in the state court proceedings. (See Compl., Ex. B.) The court therefore lacks subject matter jurisdiction over these claims.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint, filed in forma pauperis, is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's motion for TRO is therefore DENIED as moot.

The Complaint suggests that Plaintiff has undergone or is in the process of undergoing a guardianship proceeding (see Compl. at 4), but it is unclear whether she has been determined to be incompetent or whether she has been appointed a guardian. If Plaintiff has indeed been adjudicated incompetent or appointed a guardian, this court could not reach the merits of any of her claims because, as an incompetent person, she could not pursue them on her own behalf. See Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009); cf. Fed. R. Civ. P. 17(c). Thus, each of Plaintiff's claims is dismissed without prejudice. See Berrios, 564 F.3d at 135. If Plaintiff has been appointed a guardian by the state court, such guardian may file an Amended Complaint on Plaintiff's behalf within forty-five days of the date of this Memorandum and Order. If such guardian fails to file an Amended Complaint within forty-five days or if Plaintiff has not been appointed a guardian by this time, the case shall be closed. All further proceedings shall be stayed for forty-five days or until Plaintiff's guardian files an Amended Complaint, whichever is earlier.

This court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Memorandum and Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff and to indicate the mailing on the electronic docket.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      August 14, 2012

NICHOLAS G. GARAUFIS
United States District Judge